UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 23-4031-KK-BFMx** | Date: | December 30, 2024 |
|---|---|---|---|
| Title: | **EH Management LLC v. United States Small Business Administration, et al.** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order GRANTING IN PART AND DENYING IN PART Plaintiff's Motion for Judgment on the Administrative Record [Dkt. 35]; and DENYING Defendants' Motion for Judgment on the Administrative Record [Dkt. 42]**

## I.
## INTRODUCTION

On May 24, 2023, plaintiff EH Management LLC ("Plaintiff") filed the operative Complaint against defendants United States Small Business Administration ("SBA") and Isabella Casillas Guzman, SBA's Administrator (collectively, "Defendants"), alleging violations of the Administrative Procedures Act ("APA") arising out of Defendants' denial of Plaintiff's application for the Shuttered Venue Operators Grant Program. ECF Docket No. ("Dkt.") 1. Plaintiff and Defendants filed cross-Motions for Judgment on the Administrative Record. Dkts. 35, 42. The Court finds these matters appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**, and Defendants' Motion is **DENIED**.

## II.
## BACKGROUND

### A.  PROCEDURAL HISTORY

On April 21, 2021, Plaintiff filed a grant application with Defendants for the Shuttered Venue Operators Grant Program ("SVOG") in the amount of $674,376.05. Dkt. 1 ¶ 24. On an

unknown date, Defendants denied Plaintiff's Application.[1]  On August 10, 2021, Plaintiff appealed Defendants' denial of Plaintiff's application.[2]  Id. ¶ 27.  On October 31, 2021, Defendants denied the appeal.  Id.

On May 24, 2023, Plaintiff filed the operative Complaint pursuant to the APA, claiming Defendants "improperly denied" Plaintiff's application by "providing no basis for the denial."  Id. at 18-21.  The Complaint sets forth three bases for relief: (1) Arbitrary and Capricious Action; (2) Agency Action Contrary to Law; and (3) Agency Decision Unsupported by Substantial Evidence.  Id. at 9-11.

On September 10, 2024, Plaintiff filed the instant Motion for Judgment based on the administrative record, arguing Defendants' denial of Plaintiff's SVOG application was arbitrary and capricious, and the Court should grant a preliminary injunction ordering Defendants to award Plaintiff the SVOG funds.  Dkt. 35.

On October 8, 2024, Defendants filed the Certified Administrative Record, containing, among other things, Plaintiff's application and financial records, the SVOG eligibility matrix, and Defendants' denial of Plaintiff's appeal.  Dkts. 38-41.  On the same date, Defendants also filed an Opposition to Plaintiff's Motion for Judgment and the instant Motion for Judgment based on the administrative record, arguing Plaintiff is not entitled to a SVOG grant nor a preliminary injunction.  Dkt. 42.

On November 5, 2024, Plaintiff filed a Reply in support of its Motion for Judgment and an Opposition to Defendants' Motion for Judgment.  Dkt. 43.

On December 2, 2024, Defendants filed a Reply in Support of its Motion for Judgment.  Dkt. 44.

These matters, thus, stand submitted.

**B.     FACTS FROM THE ADMINISTRATIVE RECORD**

During the COVID-19 pandemic, Congress established the SVOG to support event venues in staying in business until they could resume normal operations and tasked Defendants with administering the program.  Dkt. 42 at 2 and see 15 U.S.C. § 9009a(b).

Plaintiff "is a promoter of immersive escape-room experiences featuring performing arts" located in Los Angeles, California.  Dkt. 1 ¶¶ 1-2.  On April 26, 2021, Plaintiff filed a grant application with Defendants under SVOG in the amount of $674,376.05.  Id. ¶ 24.  In its initial application, Plaintiff identified as a "live venue operator".  Dkt. 39-1 at 156.  In its application, Plaintiff states it was eligible for SVOG funds because "[i]t showed financial losses in 2020 exceeding the 25% statutory threshold . . . submitted, among other items, business records reflecting payments to performers; ticket sales indicating financial losses; and floor plans depicting audience

---

[1] The administrative record does not contain a denial letter for the initial application.

[2] Neither party disputes the timeliness of Plaintiff's appeal.

areas, performance areas, and audio system placement . . . [and] provided eligibility certifications required by the SBA[.]" Id. ¶ 25.

Defendants denied Plaintiff's Application. Id. 1 at 7. On August 10, 2021, Plaintiff appealed the decision. Id. ¶ 27. In its appeal, Plaintiff identified as a "live performing arts organization." Dkt. 39-1 at 157.

On October 31, 2021, Defendants denied Plaintiff's appeal. Dkt 1 at 7-8. Defendants' denial letter to Plaintiff stated:

> After a thorough and comprehensive review of your appeal for your Shuttered Venue Operators Grant decision, your SVOG application remains declined for one or more of the reasons provided below. See the SVOG Eligibility Matrix for statutory references for each reason. Your application was declined, at least in part, based on numbers 10 and 11.
>
> …
>
> 10. Did not meet the principal business activity standard for the entity type under which applied.
>
> 11. Did not meet one or more of the eligibility criteria specific to the entity type under which applied.
>
> Please note the list provided in this email may not be a comprehensive list of reasons for your decline. To receive additional information as to why your SVOG application was declined, please complete this form (direct link: https://forms.office.com/g/B7DeKGgF1z). The SBA will aim to provide this more specific detail on appeal declines once the SVOG initial application reviews are complete.
>
> …

Dkt. 41-7 at 34.[3] The denial letter contained no further information explaining the reason for Defendants' denial.

### III.
### LEGAL STANDARD

The APA provides for judicial review of final agency decisions. 5 U.S.C. §§ 702, 706. Under Section 706 of the APA, a court must "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Courts routinely resolve APA challenges to agency administrative decisions by summary judgment. Nw. Motorcycle Ass'n v. U.S. Dept. of Agric., 18 F.3d 1468, 1481 (9th Cir. 1994). In

---

[3] The Court notes neither party addresses whether Plaintiff sought further information from Defendants as to why the appeal was denied.

deciding whether to grant summary judgment on an APA challenge, "the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." Occidental Engr. Co. v. I.N.S., 753 F.2d 766, 769 (9th Cir. 1985).

## IV.
## DISCUSSION

**A.  DEFENDANTS' DENIAL WAS ARBITRARY AND CAPRICIOUS**

    **1.  Applicable Law**

In deciding whether an agency decision is "arbitrary and capricious," the core question is whether the agency's decision was "the product of reasoned decisionmaking." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins., 463 U.S. 29, 52 (1983). "[T]he agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." Id. at 43 (internal quotation marks omitted). The court "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Id. at 31-32 (internal quotation mark omitted). Given that courts cannot supply rationales for an agency's decision, a reasoned explanation enables the court to "discern" the "path" the agency took. Encino Motorcars, LLC v. Navarro, 579 U.S. 211, 221 (2016) (citation omitted). Accordingly, Section 706 of the APA "requires that [an agency] articulate a rationale when they exercise . . . discretion" because if not articulated, an "agency's lack of explanation for its choice renders its decision arbitrary and capricious." Arrington v. Daniels, 516 F.3d 1106, 1114 (9th Cir. 2008); see also Burlington Truck Lines, Inc. v. U.S., 371 U.S. 156, 167 (1962) (striking down agency decision where "[t]here are no findings and no analysis here to justify the choice made, no indication of the basis on which the [agency] exercised its expert discretion").

The remedy for a procedural APA violation is for the reviewing court to "hold unlawful and set aside agency action." 5 U.S.C. § 706(2). Thus, where an agency's "finding is not sustainable on the administrative record made, then the . . . decision must be vacated and the matter remanded [to the agency] for further consideration." Camp v. Pitts, 411 U.S. 138, 143 (1973). In the Ninth Circuit, remand without vacatur is the exception rather than the rule. See California Communities Against Toxics v. U.S. E.P.A., 688 F.3d 989, 994 (9th Cir. 2012) ("[W]e have only ordered remand without vacatur in limited circumstances.").

    **2.  Analysis**

Here, based on the administrative record before it, the Court cannot determine if Defendants made a reasoned decision in denying Plaintiff's application, nor what evidence Defendants used to reach that decision. As a preliminary matter, Defendants do not argue they made a reasoned decision in denying Plaintiff's application, nor do they specify what in Plaintiff's application made it ineligible for the award based on the record before the Court.[4] See dkts. 42, 44.

---

[4] Rather, Defendants argue "[e]ven if [Defendants] had found Plaintiff to be eligible for a SVOG grant, and even if [Defendants] had issued a Notice of Award, that would not impose a clear

In fact, nothing in the record before the Court explains why Plaintiff's application was initially denied.  Rather, the apparent reason for the denial of Plaintiff's application, as set forth in the October 31, 2021 denial of Plaintiff's appeal, states Plaintiff's application "[d]id not meet the principal business activity standard for the entity type under which applied [and] [d]id not meet one or more of the eligibility criteria specific to the entity type under which applied[.]"  Dkt. 41-7 at 34.  No further explanation is given for the denial, nor does the denial provide any connection between the facts found and the decision.  Hence, the Court is unable to "discern" the "path" the agency took in reaching the denial.  Encino Motorcars, 579 U.S. at 221 (citation omitted).  Ultimately, without an articulated rationale, the Court cannot determine Defendants' denial of Plaintiff's SVOG application was "the product of reasoned decisionmaking," Motor Vehicle Mfrs., 463 U.S. at 52, and thus finds Defendants' denial arbitrary and capricious.  Arrington, 516 F.3d at 1114.

Accordingly, the Court **GRANTS** Plaintiff's Motion for Judgment to the extent it argues Defendants' decision was arbitrary and capricious and **REMANDS** for redetermination and explanation consistent with this Order.  Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985) ("If the record before the agency does not support the agency action, . . . the proper course . . . is to remand to the agency for additional investigation or explanation.").

### B.     PLAINTIFF IS NOT ENTITLED TO A PRELIMINARY INJUNCTION

#### 1.     Applicable Law

An injunction represents an extraordinary remedy that a court should never award as a matter of right.  Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008).  A party seeking a preliminary injunction must establish: (1) the party is likely to succeed on the merits; (2) the party is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the party's favor; and (4) an injunction serves the public interest.  Id. at 20.  The Court "need not consider" the latter three elements where the moving party has failed to demonstrate the likelihood of success on the merits.  Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015).

#### 2.     Analysis

Here, Plaintiff is not entitled to a preliminary injunction to award or earmark SVOG funds.  Specifically, Plaintiff has not established they are likely to succeed on the merits because it is unclear, based on the administrative record, that Plaintiff is eligible for funds under SVOG.  Winter, 555 U.S. at 22.  Additionally, Plaintiff has not demonstrated a likelihood of irreparable harm absent a preliminary injunction, that the balance of equities tips in Plaintiff's favor, or that the relief requested serves the public interest.  Id.  Further, as discussed above, the proper remedy for an APA violation is vacating an agency's decision and remanding the matter for reconsideration.  Nat. Resources Def. Council, Inc. v. U.S. Dept. of Int., 275 F. Supp. 2d at 1136.

Accordingly, the Court **DENIES** Plaintiff's Motion for Judgment to the extent it seeks a preliminary injunction.

---

ministerial duty on [Defendants] to disburse funds because the notice lacks force of law and contains no indication that it imposes binding duties."  Dkt. 42 at 8.

## V.
## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Judgment on the Administrative Record is **GRANTED IN PART AND DENIED IN PART**, dkt. 35; Defendants' Motion for Judgment on the Administrative Record is **DENIED**, dkt. 42; and Plaintiff's SVOG application is **REMANDED** for redetermination and explanation consistent with this Order. (JS-6)

**IT IS SO ORDERED**.